(A.R.D. 99)

S. H. KRESS & CO. ET AL. *v.* UNITED STATES

Entry No. 3981, etc.

Second Division, Appellate Term

(Decided January 30, 1959)

*Sharretts, Paley & Carter* (*Howard Clare Carter* and *Joseph F. Donohue* of counsel) for the appellants.

*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the appellee.

Before LAWRENCE, RAO, and FORD, Judges

FORD, Judge: The applications herein for a review of the orders of the trial court, filed under the provisions of title 28 U.S.C., section 2636(a), cover the appeals for reappraisement listed in schedule "A," attached hereto and made a part hereof. The applications are directed against said orders which are reported in 38 Cust. Ct. 604, Reap. Dec. 8758, and Reap. Dec. 8759, wherein the trial court denied the motions for a rehearing with respect to the decisions and judgments, dated January 17, 1957 (not published), and February 5, 1957 (not published), dismissing these matters upon formal abandonment by counsel for the importers.

The merchandise in all cases consists of electric-light bulbs or Christmas decorations and other articles imported from Japan. The sole issue on the merits of the case is that involving the question of whether Japanese inland charges are properly part of the dutiable value. The matter presently before the court, however, is directed solely against the denial of the motions of appellants for a rehearing.

It appears from the record of appeal that the importers herein, by their counsel, formally and voluntarily abandoned the involved appeals for reappraisement. Pursuant to said abandonments, the trial court entered its decisions and judgments as indicated, *supra*. Thereafter, the importers moved for rehearings which were subsequently denied.

The appeals herein are from said orders. The appellants contend that during the same period of time other judges of this court were granting rehearings and restoring cases involving the identical issue to the calendar. Appellants, therefore, contend that, in the interest of uniformity, the trial court should have restored its cases to the

calendar. It is also contended, although not assigned as error, that failure to restore these cases to the calendar might result in the imposition of duties in a nonuniform manner, if the importers were successful in sustaining their contention that the Japanese inland freight charges are not properly part of the dutiable value. The question of whether the legal theory of *stare decisis* is applicable herein was also presented to the court.

The action of the trial court in granting or denying a motion for a rehearing or restoring a case to the calendar of the court is, of course, discretionary. There has been no indication that the denial of the motions covering the cases involved herein was an abuse of discretion. See *The Taggesell Co. (Inc.)* v. *United States*, 17 C.C.P.A. (Customs) 15, T.D. 43318, and cases cited therein.

The argument of appellants that the decision of the trial court denying the motions for rehearing should be reversed in order that uniformity may exist is untenable. While uniformity of procedure might be wise, there is nothing that compels the judges of this court or any other court to exercise discretionary acts in a uniform manner. Certainly, a judge exercising his judicial discretion in a manner different from that of his colleagues does not make such act capricious or an abuse of discretion which might be considered a reversible error justifying an appellate tribunal to reverse his decision.

The legal doctrine of *stare decisis* is not applicable herein. The application of said doctrine is itself discretionary, *Hertz* v. *Woodman*, 218 U.S. 205, and does not apply to discretionary acts of a judge.

It would appear from the background of the basic issue of inland freight charges that at the time counsel for the appellants formally abandoned the appeals herein there were numerous unfavorable decisions involving said issue, particularly that of the *United States* v. *Paul A. Straub & Co., Inc.*, 41 C.C.P.A. (Customs) 209, C.A.D. 553. In passing, it is interesting to note that recently the Japanese inland freight issue was decided adversely to the importer in the case of *Albert Mottola, an Individual doing business under the name and style of Atlas Shipping Co.* v. *United States*, decided November 5, 1958, 46 C.C.P.A (Customs) 17, C.A.D. 689. It would, therefore, appear that the act of abandoning the involved cases by the attorneys herein was not a careless or negligent act but one taken with complete understanding of the situation involved and in conformity with the action taken by the rest of the bar due to an adverse decision of the issue in contest. This fact seems to be substantiated by the statement contained in the brief of appellee, wherein it is stated that approximately 21,000 appeals were abandoned by counsel for various importers covering the issue of inland freight.

We are, therefore, of the opinion that there was no reversible error in the action of the trial judge in denying the motions for rehearings.

Orders denying motions for rehearings are affirmed.